IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN PFLIPSEN,<br>            *Plaintiff* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-21-CV-00259-XR |
| -vs- | | |
| OAK CENTRE LTD, LP,<br>            *Defendant.* | | |

## ORDER

On this date, the Court considered the status of the above-captioned case. On July 19, 2021, the Court issued an order finding that Plaintiff had failed to properly serve Defendant within the 90-day time period provided for service. *See* Docket No. 5 at 1; *see also* FED. R. CIV. P. 4(m). The Court, therefore, ordered Plaintiff to show cause in writing, no later than July 26, 2021, why this case should not be dismissed pursuant to FED. R. CIV. P. 4(m). Docket No. 5 at 2. The Court cautioned Plaintiff that "[f]ailure to respond . . . will result in this case being dismissed." *Id.*

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice[.]" FED. R. CIV. P. 4(m). Further, a district court may dismiss an action if the plaintiff fails to prosecute or fails to comply with any court order. FED. R. CIV. P. 41(b). The Court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

The 90-day time period for service has expired in this case, and there is no indication that Defendant has been properly served or has agreed to waive service. *See* Docket. Moreover, to date, Plaintiff has neither shown cause in writing as to why this case should not be dismissed pursuant to FED. R. CIV. P. 4(m) nor requested an extension to do so. *See id.*

1

Accordingly, the Court hereby **DISMISSES** Plaintiff's case without prejudice.

It is so **ORDERED**.

**SIGNED** this August 16, 2021.

                                                  XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE